## WEGENAST v. PHEYLEN.

Civ. No. 5255.

United States District Court District of Columbia.

Jan. 12, 1951.

---

Albert F. Beasley, Washington, D. C., for plaintiff.

Hamilton & Hamilton, Washington, D. C., for defendant.

CHARLES F. McLAUGHLIN, District Judge.

These are motions for summary judgment brought by both parties to the instant action whereby is sought judicial construction of the provision of the District of Columbia Code relating to the effect of a widow's renunciation of her deceased husband's will, upon the will as a whole.

The plaintiff, in addition to being executrix of the will of John H. Pheylen, who died in February 1948, is the sole legatee and devisee named in the will. The defendant, an incompetent since 1926, is the widow of said John H. Pheylen, suit being maintained through her committee. The will was duly admitted to probate and revealed that the widow was the sole living legal heir, there having been no children of the marriage, and all of the husband's family having pre-deceased him. The wid-

ow, through her committee then renounced the will.

The question presented for the Court's determination is as to what estate will devolve upon the widow upon her renunciation, there being no intermediate legal heirs.

The sections of the local code with which the Court is concerned are:

Section 49–301: "The common law, all British statutes in force in Maryland on February 27, 1801, the principles of equity and admiralty, all general Acts of Congress not locally inappliable in the District of Columbia, and all Acts of Congress by their terms appliable to the District of Columbia, and to other places under the jurisdiction of the United States, in force in the District of Columbia on March 3, 1901, shall remain in force except in so far as the same are inconsistent with, or are replaced by, subsequent legislation of Congress."

Section 18–211: "* * * By renouncing all claim to any and all devises and bequests, made to her by the will of her husband, she shall be entitled, in addition to her dower, to the distributive share of his personal property, which she would have taken had he died intestate, * * * this provision for the wife shall apply with the effect (without formal renunciation) to cases where the husband has made no devise or bequest to his wife * * *."

Section 18–702: "If the intestate leave a widow * * * and no child, parent, grandchild, brother, or sister, or the child of a brother of sister of the said intestate, the said widow * * * shall be entitled to the whole."

Plaintiff seeks a construction of Section 18–211 supra, which will limit the size of the estate devolving upon the widow to one-half of the deceased's estate. Argument in support thereof is based upon the common law theory of "reasonable share".

It is the opinion of the Court that the widow who renounces a will made by her husband, where there are no intervening heirs, is entitled to the whole of her husband's personal estate.

Section 49–301 supra, provides that the common law as it existed in Maryland in

1801, shall have force and effect if Congress does not legislate in such a manner as to supersede any doctrines which may be appliable in a given situation. In the present instance Congress has so legislated, and the provision that the wife is entitled to that "which she would have taken had he died intestate" is clear. It follows then, that Section 18–702, supra, is determinative of the amount to which the widow is entitled.

Judgment for the defendant.